UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL WILLETT,<br>　　　Plaintiff<br><br>VS.<br><br>E & S FISHERIES, INC.,<br>　　　Defendant | CIVIL ACTION<br>NO: 04-12449-EFH |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
THE AFFIDAVIT OF PAUL WILLET AND PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff in the above captioned matter and respectfully requests that this Honorable Court deny Defendant E & S Fisheries, Inc's Motion to strike the Plaintiff's Affidavit of Paul Willett and Plaintiff's Opposition to Defendant's Motion for Summary Judgment. As grounds thereof, the Plaintiff states that, contrary to the assertions of the Defendant, the Affidavit of Paul Willett is not inconsistent with Plaintiff's deposition testimony. Further, the fact that a party's affidavit is self-serving or was filed in response to a motion for summary is not a legal basis for striking it.

ARGUMENT

Defendant's Motion to Strike is based almost entirely upon the assertion made by the Defendant that the Affidavit of Paul Willett "directly contradicts the plaintiff's deposition testimony". Def. Mot. to Strike, P. 1. The Defendant makes a number of specific assertions of inconsistency, which, as will be show below, are simply false.

In the first paragraph of Defendant's recitation of facts, the Defendant asserts "In his deposition the plaintiff said that at the time of his injury the vessel was 'laying' which refers to the drags being at the gallows and upon on the side of the boat, and the engine was shut down

and out of gear.  <u>Def. Mot. to Strike</u>, P. 2.  This statement is false.  In his deposition, Mr. Willett testified as follows:

> A. "... I guess prior to that they <u>started the engine up again</u>.  And once we got everything all loaded up and everything, that's when <u>Tommy put her in gear</u> and got back on the tow; and that's when he rang the horn, the buzzer, whatever you want to call it, for us to flare the drags.
>
> Q. And what happened next?
>
> A. When he did that, we – I forget.  You know, they called it the hailer or whatever.  When he did that that's when I ran across the deck…."
>
> <u>Depo. of Willett</u>, Page 44, Line 17 – Page 45, Line 2.
> (Attached as Ex. "A" to Def. Motion to Strike).

The reference to "laying and cutting" referred to by the Defendant in its <u>Motion to Strike</u> refers to the fishing trip in general rather than the specific moment of injury.  In his deposition, Mr. Willett testified as follows:

> Q. Let's talk about the October trip.  What do you recall about the trip?
>
> A. We were laying and cutting.  It was –"
>
> <u>Depo. of Willett</u>, Page 42, Line 1 – Page 42, Line 3.
> (Attached as Ex. "A" to Def. Motion to Strike)

By comparing Defendant's specific allegations with Mr. Willett's actual deposition testimony quoted in full, it is clear that Defendant's inconsistencies are simply false.  The Plaintiff's deposition and his affidavit are entirely consistent.

In its motion to strike, the Defendant states "the plaintiff's only references to 'Mikey' in his deposition are stated above…" <u>Def. Mot. to Strike</u>, P. 3, 2nd para.  Again, Defendant's statement is simply false.  In his deposition, the Plaintiff specifically testified repeatedly that "Mikey was useless".  <u>Depo. of Willett</u>, Page 41, Line 17.  <u>See also</u> <u>Depo. of Willett</u>, Page 41, Lines 6-9. (Attached as Ex. "A" to Def. Motion to Strike).  The Plaintiff further testified that

working with "Mikey made my job a lot harder," and that the Captain and crew were well aware that Mikey could not perform his job and that he "made life hard on people". <u>Depo. of Willett</u>, Page 41, Line 6-9,  <u>Depo. of Willett</u>, Page 41, Lines 17-24 (Attached as Ex. "A" to Def. Motion to Strike).  Similarly, many of the factual assertions concerning Plaintiff's testimony are simply not support by the transcript.  For example, on Page 2, Defendant asserts that "Mikey went to flare the drag on the opposite side".  <u>Def. Mot. to Strike</u>.  However, the sections of deposition testimony cited do not support this assertion.  <u>See</u>,  <u>Depo. of Willett</u>, Page 44, Lines 6-9, Page 44, Line 23 though Page 45, Line 3.  (Attached as Ex. "A" to Def. Motion to Strike).

It is true that, in his deposition, the Plaintiff did not specifically testify that Mikey's inability to perform his job caused Plaintiff's injury.  However, defense counsel never asked the Plaintiff why it was that he had to run across the deck, or what was his legal theory of liability.  Given the Plaintiff's repeated testimony that Mikey was useless, that he could not flare the dredge half the time, and that he made Plaintiff's job more difficult, Plaintiff suggests that Defendant was well aware of Plaintiff's theory of liability, and, for whatever reason, chose not to explore it.  Regardless, the obligation of a party during his deposition is to honestly answer the questions posed by opposing counsel.  A party does not have a duty to spontaneously volunteer information no matter how relevant.

Finally, Defendant argues that the Affidavit of Paul Willett should be stricken because it is self serving and was filed in response to Defendant's Motion for Summary Judgment.  <u>Def. Mot. to Strike.</u> P. 1.  First, all affidavits filed by parties are by definition self serving.  Second, there is no case law that supports striking an affidavit simply because it is self serving.  With respect to the affidavit being filed in response to Defendant's motion for summary judgment, there was neither an obligation, nor a need, to file such a document until Defendant's Motion for

Summary Judgment was filed.  Again, there is no case law that supports Defendant's assertion that an affidavit should be stricken simply because it is filed in opposition to a motion.

 Wherefore,  the Plaintiff respectfully requests that this Honorable Court deny <u>Defendant E & S Fisheries, Inc's Motion to strike the Plaintiff's Affidavit of Paul Willett and Plaintiff's Opposition to Defendant's Motion for Summary Judgment</u>.

         Paul Willett, Plaintiff
         By his attorneys,


         <u>/s/ David F. Anderson</u>
         David F. Anderson
         Latti & Anderson LLP
         30-31 Union Wharf
         Boston, MA 02109
         (617) 523-1000

DATED:  03-23-06


<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

Robert E. Kiely
Regan & Kiely LLP
85 Devonshire St.
Boston, MA 02109
(617) 723-0901

         <u>/s/ David F. Anderson</u>
         David F. Anderson

4